UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA THORNTON, individually and on behalf of all others similarly situated,

            Plaintiff,

-against-

BELKIN, BURDEN, WENIG & GOLDMAN, LLP,

            Defendants.



09 CIV 5901

COMPLAINT

JUDGE KAPLAN

---

The plaintiff, **CYNTHIA THORNTON** (hereafter the "plaintiff" or "Ms. Thornton") individually, as well as on behalf of all other persons similarly situated, by her attorneys Fishman & Neil, LLP, as and for her complaint against the defendant **BELKIN, BURDEN, WENIG & GOLDMAN, LLP** (hereafter "the defendant") alleges as follows, upon information and belief, except as those allegations which directly relate to plaintiff herself which are alleged upon personal knowledge, as follows:

### PRELIMINARY STATEMENT

1. This case is brought as a class action for actual and statutory damages, statutory attorney's fees and injunctive relief brought pursuant to 15 USC § 1692 *et seq*. ("Fair Debt Collection Practices Act" or "FDCPA") and the New York Deceptive Practices Act (General Business Law Art. 22-A § 349) ("DPA").

2. The defendants engaged in conduct violative of the FDCPA by, *inter alia*, issuing a "boiler plate" form dunning letter to the plaintiff demanding that she pay an arbitrary amount of $3,500 in "rent arrears" that the plaintiff did not in fact owe.

1

3. Although the letter was from the defendant law firm, and drafted on the defendant law firm's letterhead, none of the defendant's attorneys ever "meaningfully reviewed" the actual letter or its contents prior to sending it to the plaintiff.

4. The plaintiff alleges that the defendant's use of such letter, and its attempt to collect the alleged debt, violates various provisions of the FDCPA as set forth more particularly herein.

5. The plaintiff further alleges that the defendant's conduct is deceptive and misleading within the meaning of the DPA, and that the plaintiff, acting as a "private attorney general," is entitled to an injunction, on behalf of all consumers who received, or who could in the future receive such letters, enjoining the defendant from engaging in the conduct alleged herein to be deceptive.

6. The plaintiff further alleges that the defendant's conduct and action described here is the same, or substantially similar to, the conduct and action they direct at numerous other persons.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction of the state law claim asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. The plaintiff is a person over the age of eighteen who currently is a resident and citizen of the State of New Jersey, and is a "consumer" within the

meaning of the FDCPA [15 U.S.C. § 1692a(a)].

9. The defendant BELKIN, BURDEN, WENIG & GOLDMAN, LLP ("Belkin Burden") is a professional corporation engaged in the business of a law firm with a principal place of business at 270 Madison Avenue New York, New York 10016.

10. The defendant is a "debt collector" within the meaning of the FDCPA [15 USC § 1692(a)(6)] in that it regularly engages in the collection, or the attempted collection, of "debts," as that term is defined by 15 USC § 1692a(6), which are owed, or alleged to be owed, to others.

### FACTS PERTAINING TO CYNTHIA THORNTON

11. The plaintiff was, at all relevant times, a rent-stabilized tenant at 605 East 14th Street, Apt. 1A New York, NY 10009 (the "apartment") owned by ST Owner, LP. (the "landlord") Up until she vacated the apartment the plaintiff's tenancy was governed by New York City Rent Stabilization Law and Code ("RSL" and "RSC").

12. The plaintiff's tenancy at the apartment was pursuant to a written lease dated August 31, 2005 for the period January 1, 2006-January 1, 2008. Pursuant to that lease the plaintiff's monthly rent, as set by the RSC, was $1,185.28.

13. On or about June 10, 2008 the defendant commenced a summary holdover eviction proceeding against the plaintiff, on behalf of its client ST Owner, LP, in the New York City Housing Court, alleging that she was not residing in the apartment as her primary residence, in violation of the New York Rent Stabilization Law and Code. (***ST Owner LP v. Jane Doe, et al***, Index No. L&T 73144/08 (the "eviction proceeding")

3

14. Paragraph 12 of the petition served by the landlord in the eviction proceeding alleged that the plaintiff was "indebted to Petitioner in the sum of $3500.00" for market rate use and occupancy for the apartment.

15. On or after July 1, 2008 the defendant sent an unsigned *boiler-plate* form letter to the plaintiff at the apartment, on its letterhead which described it as "Attorneys for Creditor." The letter was addressed to her as "Jane Doe," and advised, *inter alia*, "(T)he above referenced firm has been retained to collect a debt consisting of rent arrears from the below named creditor who claims that you owe a debt in the amount of $3,500.00". (The "demand letter") (The full demand letter is attached as Exhibit A and is incorporated by reference and made a part hereof).

16. The RSC and the RSL bar landlords of rent stabilized apartments from charging any amount for rent that is in excess of the amount permitted by law.

17. At the time the defendant sent the demand letter to the plaintiff there had been no adjudication of any of the landlord's claims, including its claim that the plaintiff, or anyone else, owed rent, or use and occupancy to the landlord in the amount of $3500.00.

18. At the time the defendant sent the demand letter to the plaintiff she did not owe any rent arrears or past use and occupancy to the landlord.

19. The demand letter was sent to the plaintiff, in whole or in part, for its *in terrorem* effect as part of its overall scheme, on behalf of its client, to force the plaintiff to vacate her apartment.

20. On or about July 29, 2008, the plaintiff's attorney sent a letter to the defendant disputing the validity of the defendant's claim and demanding, pursuant to

15 USC § 1692g, that it provide verification of the alleged debt within the time required by law.

21. Despite such written demand, the defendant continued its effort to attempt to collect the debt despite its failure and refusal to provide written verification of it.

## CLASS ALLEGATIONS

22. This action is brought as, and may properly be maintained as, a class action pursuant to FRCP 23(b)(3). The plaintiff brings this action on behalf of herself and all members of a class (the "Class"), consisting of all persons who are consumers, as defined by the FDCPA, who, in the one year period prior to the commencement of this action, were sent a letter by the defendant which is the same or substantially similar to the letter which is attached hereto as Exhibit A.

23. This proposed class definition is provisional and may be adapted, as appropriate, upon discovery.

24. The class is so numerous that joinder of all members is impractical. The plaintiff reasonably believes that during the statute of limitations period letters which are the same or substantially similar to the one sent to her by the defendant were sent to dozens, if not hundreds, of other persons.

25. There are questions of law and fact common to the class, which predominate over any questions affecting only the plaintiff. The principal question is whether the defendant's conduct in connection with the use of Exhibit A, and/or substantially similar letters, violates the FDCPA.

26. There are no individual questions, other than whether a class member was sent one of the offending letters, which can be determined by ministerial inspection of the defendants' records.

27. The plaintiff will fairly and adequately protect the interests of the class. She is committed to vigorously litigate this matter. To that end, she has retained competent counsel who are experienced in handling claims under the FDCPA, class actions and deceptive business practices claims under the DPA. Neither the plaintiff or her counsel have any interests which might deter them from vigorously prosecuting this case.

28. The plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the persons who receive the offending letter from the defendant undoubtedly have no knowledge that their rights are being violated by illegal debt collection practices. Because the letter is from a law firm, and it is typically sent within a few weeks of the commencement of a summary holdover eviction proceeding, many class members either unwittingly paid the illegal sum demanded of them or were frightened and intimidated into giving up their rights to their apartment.

30. The interest of class members in individually controlling the prosecution of separate claims against the defendants is relatively small because the maximum statutory damages in an individual action under the FDCPA is $1,000.00. Management of this class claim is likely to present significantly fewer difficulties than

those presented in many other more complex class actions.

## AS AND FOR A FIRST CAUSE OF ACTION

31. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. The defendant's use of Exhibit A violates 15 USC § 1692e which prohibits debt collectors from engaging in any false, deceptive or misleading representation or means with the collection of any debt, particularly where no attorney meaningfully reviewed the letter before it was sent.

33. The defendant's use of Exhibit A violates 15 USC § 1692e(2)(a) which prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

34. The defendant's use of Exhibit A violates 15 USC § 1692f which prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

35. The defendant's use of Exhibit A violates 15 USC § 1692f(1) which prohibits the collection of any amount "unless such amount... is permitted by law."

36. The defendants violated 15 USC § 1692g(b) which prohibits debt collectors from continuing to attempt to collect a debt without providing verification of it to any consumer who disputes its validity.

37. By reason of the foregoing, the defendant is liable to the plaintiff, and the class she represents, for actual and statutory damages as provided by 15 USC §§ 1692k(a)(1) and (a)(2)B).

38. The plaintiff, and the class she represents, are entitled to recover costs and attorney's fees from the defendant pursuant to 15 USC § 1692k(a)(3)

## AS AND FOR A SECOND CAUSE OF ACTION

39. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. Exhibit A contains false, deceptive and/or misleading representations, statements and claims, including, but not limited to:

a. The claim that at the time the demand letter was sent the plaintiff was liable to her landlord, for an amount of rent which exceeds the maximum amount the landlord is entitled to charge or collect under the Rent Stabilization Law and Code;

b. The claim that at the time the demand letter was issued the plaintiff owed her landlord market rate rent or use and occupancy in the amount of $3500.00 when there had been no adjudication by any court that such amount was actually due and owing.

41. At the time the demand letter was sent, the plaintiff was a consumer of residential housing services provided by the defendant's client.

42. The above statements, representations and claims are false, deceptive and/or misleading in a material respect and have the capacity and tendency to deceive consumers.

43. The above statements, representations and claims did in fact harm, deceive and/or mislead the plaintiff and caused her damage as a result of the defendant's false, deceptive, misleading and illegal demand that she owed over $3,500.00 in rent arrears.

44. The defendant has engaged in the same or similar conduct set forth above with numerous other consumers.

45. The defendant represents numerous landlords, owners and/or managing agents of residential real property in the City of New York.

46. The defendant's conduct, as set forth herein, is routinely directed at consumers generally who are residential tenants in buildings owned or managed by such landlords, owners and/or managing agents.

47. The defendant's conduct, as alleged herein, is not unique to the plaintiff but is instead the same, or substantially similar to, their usual and customary business practices directed generally at such other consumers.

48. All of the conduct alleged herein took place in the State of New York and was directed at consumers residing in the State of New York.

49. The aforementioned conduct described herein constitute deceptive business practices, in violation of General Business Law Art. 22-A.

50. The plaintiff is acting as a "private attorney general," as authorized by GBL Art. 22-A [GBL § 349(h)].

51. As a "private attorney general," the plaintiff is permitted to seek and obtain injunctive relief barring the defendant from engaging in the false, deceptive and misleading conduct described herein to the extent that such conduct is, or has been, or could be directed at her as well as at other consumers in New York State.

52. If the Court fails to enjoin the defendants from engaging in the illegal conduct set forth herein numerous individuals will suffer irreparable harm.

53. The plaintiff demands judgment against the defendants, pursuant to GBL § 349(h) enjoining them from:

    a. Sending Exhibit A, or any substantially similar letter, to any consumer in New York State;

    b. Demanding that any consumer residing in residential housing subject to the Rent Stabilization Law, pay any amount of rent which exceeds the maximum amount the such person's landlord is entitled to charge or collect under the Rent Stabilization Law;

    c. Demanding that any consumer in New York State pay any market rate rent or use and occupancy amount that has not been found to be due and owing by a court of competent jurisdiction

    d. Claiming on behalf of any landlord, owner or managing agent that any Rent Stabilized tenant in New York State owes, or is obligated to pay, any sum for market rate rent or use and occupancy unless the defendant's client's claim for such sum has been adjudicated in its favor by a court of competent jurisdiction.

54. The plaintiff is entitled to recover attorneys fees from the defendants pursuant to GBL § 349(h).

**WHEREFORE**, the plaintiff demands judgment against the defendant on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated: New York, New York
      June 26, 2009

Yours, etc.,

_____

JAMES B. FISHMAN (jbf 8998)
KEVIN MALLON (kcm 4798)
FISHMAN & NEIL, LLP
305 Broadway, Suite 900
New York, New York 10007
(212) 897-5840
Attorneys for the Plaintiff

**EXHIBIT A**

**Belkin Burden Wenig & Goldman, LLP**
*Attorneys for Creditor*
270 Madison Avenue
New York, NY 10016

<u>Notice Pursuant to 15 USCS § 1692g</u>

TO:  Jane Doe
605 East 14th Street
Apt. 1-A
New York, New York 10009

The above referenced law firm has been retained to collect a debt consisting of rent arrears from the below named creditor who claims that you owe a debt in the amount of $3,500.00, as more specifically stated in the Notice of Petition and Petition Holdover.

As the consumer, you may, within thirty (30) days of receipt of this Notice, dispute the validity of the debt stated in the Notice of Petition and Petition Holdover, or any portion of the debt, in writing. Unless you dispute the debt within the thirty day period, the debt will be assumed to be valid by the debt collector.

If you notify this office *in writing* within the thirty-day period that the debt, or any portion of the debt, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and will mail you a copy of such verification of the debt.

This office will provide you with the name and address of the original creditor if different from the current creditor upon your written request within the thirty-day period.

This notice does not apply to the claim for prospective use and occupancy set forth in the petition but only to the claim (if any) for rent arrears.

This advice pertains to your dealings with this office as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must answer the Notice of Petition and Petition Holdover. The Notice of Petition and Petition Holdover is a command from the court, not from this office, and you must follow its instructions even if you dispute the validity or amount of the debt.

CREDITOR: ST OWNER LP

DATE: July 1, 2008