# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a          Case No.
Fain Clark, individually and on behalf of all others          09 CV 5901 (LAK) (DCF)
similarly situated,
                      Plaintiffs,

     -against-

BELKIN, BURDEN, WENIG & GOLDMAN, LLP,

                    Defendant.
-------------------------------------------------------------------X

## CLASS ACTION SETTLEMENT AGREEMENT

      The Parties enter into the following Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement"). This Settlement Agreement is entered into by and among CYNTHIA THORNTON and FAIN KOLINSKY a/k/a FAIN CLARK, the named Plaintiffs in this class action, in their individual capacity and on behalf of the class described in this Agreement, and BELKIN, BURDEN, WENIG & GOLDMAN, LLP, the named Defendant in this action, who collectively shall be the "Settling Parties," as more fully defined below. This Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire class the Released Claims, as defined herein, upon and subject to the approval of the Court and the terms and conditions herein.

## RECITALS

      WHEREAS, the Complaint alleges that the Defendant transmitted communications to various Persons that were in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and New York State General Business Law § 349; and

WHEREAS, the Complaint seeks money damages, injunctive relief and attorneys' fees and other relief; and

WHEREAS, Class Counsel believe that they would ultimately prevail on claims asserted in the Complaint but deem the proposed settlement with Defendant as set forth herein to be in the best interests of the Class. Defendant has denied liability, raised defenses to the allegations of the complaint and maintains that it would ultimately prevail in this action but also agree that settlement set forth below is in its best interests as well; and

WHEREAS, the Court has not ruled on any substantive contentions as to the validity of the claims asserted in the Complaint or as to the liability or non-liability of the Defendant, nor has the Court expressed an opinion with respect thereto, nor do the parties to this Agreement make any admissions or concessions on these substantive issues.

WHEREAS, the Settling Parties have concluded that it is desirable for the Class Action to be settled to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Class Members arising out of or related to the subject matter of the Complaint; and

WHEREAS, the Settling Parties have engaged in extensive arms-length settlement negotiations, and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Settling Parties; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Plaintiffs, in their individual and representative capacities, and Defendant that the claims for monetary, declaratory and injunctive relief against

2

Defendant shall be settled and compromised through an Order entered by the Court which incorporates and references the following provisions:

## DEFINITIONS

1.  <u>Accessible Contact Information.</u>  "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of the Defendant or from forwarding addresses on mail returned by the United States Post Office.

2.  <u>Action.</u> "Action" means the above-captioned action currently pending in the United States District Court for the Southern District of New York.

3.  <u>Parties.</u>  The Parties to this Class Action Settlement Agreement and Release are CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a FAIN CLARK ("Thornton" and "Kolinsky"), on behalf of themselves and a class of persons similarly situated (collectively "Plaintiffs" or "Class Members") and BELKIN, BURDEN, WENIG & GOLDMAN, LLP ("BBW&G" or "Defendant").

4.  <u>Attorneys' Fees.</u>  "Attorneys' Fees" means reasonable attorneys' fees, costs of litigation, and expenses, which has been agreed upon by the parties as set forth further herein. This amount is inclusive of the fees and expenses incurred by Class Counsel to answer any questions from the Class Members that contact Class Counsel up to and through the distribution of the settlement proceeds following final approval of the settlement. "Attorneys' Fees" does not include the Class Representatives' payments or Settlement Administration Costs and Expenses. "Attorneys' Fees" are not taken from any award paid to the Class.  There shall be no further application for "Attorney Fees" except for those "Attorney Fees" agreed to herein except as may be awarded by the court in connection with an application to enforce the terms of this Agreement.

3

5.      Class Counsel.   "Class Counsel" means counsel for the Class Representatives and the Class Members:

> James B. Fishman, Esq.
> Kevin Mallon, Esq.
> Fishman & Mallon, LLP
> 305 Broadway, Suite 900
> New York, NY 10007
> *www.Tenantslaw.net*
> (212)897-5840
> e-mail: jfishman@fmlawoffices.net
>         kmallon@fmlawoffices.net

Class Counsel represents that they are the only attorneys entitled to receive a fee for services rendered to the Class Representatives and Class Members.   Class Counsel further represents that neither Fishman & O'Neill, LLP nor any other law firm has any claim for attorney fees in connection with this matter.

6.      Class Members.   "Class Members" shall mean Persons defined in the following manner:

> All persons who are consumers, as defined by the FDCPA, who in the one year period prior to the commencement of this action on June  26, 2009, were sent a written communication by the defendant which is the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.

7.      Class Representatives. "Class Representatives" means Cynthia Thornton and Fain Kolinsky a/k/a Fain Clark.

8.      Complaint. "Complaint" means the Amended Class Action Complaint, dated July 6, 2009 filed in the United States District Court for the Southern District of New York, No. 09-CV-5901.

9.      Court.   The "Court" means the United States District Court for the

4

Southern District of New York.

10. <u>Defendant</u>. "Defendant" means Belkin, Burden, Wenig and Goldman, LLP.

11. <u>Defendant's Counsel</u>. "Defendant's Counsel" means

> Marian C. Rice, Esq.
> L'Abbate, Balkan, Colavita & Contini, LLP
> 1001 Franklin Avenue
> Garden City, New York 11530
> (516)294-8844
> Fax (516)294-8202
> mrice@lbcclaw.com

12. <u>Effective Date</u>.   "Effective Date" is the date which is thirty-five (35) days after the Final Approval Order of Judgment of the Class Action Settlement is entered with no possibility of an appeal.

13. <u>Final</u>.   "Final" means that date on which the Final Judgment is entered, a proposed copy of which is annexed as <u>Exhibit "1."</u>

14. <u>Final Judgment</u>.   "Final Judgment" means the Final Judgment provided for in paragraph 42, a proposed form of which is annexed as <u>Exhibit "1."</u>

15. <u>Notice</u>. "Notice" means the Notice of Proposed Class Action Settlement in the form attached hereto and incorporated herein as <u>Exhibit "2"</u>.

16. <u>Notice Date</u>.   "Notice Date" means the date that Notice is mailed to Class Members.

17. <u>Opt-Out Date</u>.   "Opt-Out Date" means the deadline for Class Members to postmark requests for exclusion from the Settlement.

18. <u>Person</u>.   "Person" (when used in the singular or plural form) means an individual, corporation, partnership, limited partnership, association, joint stock company, estate,

legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and any other recognizable legal entity.

      19.   Conditional Order.  "Conditional Order" means the order preliminarily approving this Settlement Agreement, approving the Notice, and setting the Fairness Hearing, as provided in paragraph 39 of this Settlement Agreement, a form of which is attached hereto and incorporated herein as Exhibit "3".

      20.   Related Parties.  "Related Parties" shall mean each of a Person's past or present officers, directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, of counsel, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families, and all Related Parties' and Settling Parties' insurers and their reinsurers.  "Related Parties" shall also include Defendant's client but only to the extent Plaintiffs or a Class Member seeks to assert a claim against Defendant's client based upon the conduct of Defendant as alleged in the Complaint.

      21.   Released Claims.  "Released Claims" means the claims and liabilities released and discharged under paragraph 36.

      22.   Settlement.  "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits.

      23.   Settlement Administration Costs and Expenses.  "Settlement Administration Costs and Expenses" means the costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the

6

costs of printing and mailing Notice, processing Claim Forms, and mailing Settlement Checks to eligible Class Members.

24.   Settlement Administrator.   "Settlement Administrator" means First Class, Inc., an independent settlement administrator selected by the parties.

25.   Settlement Amount.   "Settlement Amount" means the amounts paid to each Class Member, including Cynthia Thornton and Fain Kolinsky a/k/a Fain Clark, plus the compensation to Class Counsel.

26.   Settlement Checks.   "Settlement Checks" are the checks used to pay Class Members.   Settlement Checks that are returned, undeliverable, or remain uncashed for 90 days from the date upon which they were mailed to Class Members shall have no legal or monetary effect.

27.   Remainder Funds.   "Remainder Funds" are the funds that remain returned, undeliverable or uncashed after 90 days from the date upon which they were mailed to Class Members.

28.   Fairness Hearing.   "Fairness Hearing" means the hearing to determine whether the settlement of the Class Action is fair and reasonable and should be given final approval.

29.   Settling Parties.   "Settling Parties" means Cynthia Thornton and Fain Kolinsky a/k/a Fain Clark, on behalf of themselves, and the Class Members, and the Defendant.

## PLAN OF ALLOCATION

30.   Relief to Plaintiffs and Class Members.

A. <u>Monetary Relief</u> - Defendant will establish a fund totaling $17,000.00. Out of this fund, $1,000.00 will be paid to each Class Representative for her respective role in this litigation. The balance of $15,000.00 shall be divided, on a *pro rata* basis, among those Class Members who do not timely and effectively request an exclusion from the Settlement in the manner set forth in the Notice. Under no circumstances will any Class Member receive more than one Settlement Check.   During the one-year period described in the Class Definition, Defendant represents that 140 Class Members were sent a communication by Defendant which is the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.   Upon execution of this Agreement, Defendant shall provide to Class Counsel the names and last know addresses of all Class Members.

B. <u>Injunctive Relief</u> - Defendant agrees to cease issuing communications to consumers which include, a claim for any sum of money which consists, in whole or in part, of a sum representing the alleged use and occupancy value of the premises at issue, or which are the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.

31.   <u>Settlement Administration Costs and Expenses</u>. Defendant will pay the costs for sending Notice to the Class, distributing Settlement Checks to Class Members and any other costs of the Settlement Administrator associated with this action.

32.   <u>Remainder Funds</u>.   Settlement Checks to the Class Members shall expire ninety (90) days from the date that they are issued.   Within one hundred and twenty (120) days from mailing, any Remainder Funds must be delivered to Class Counsel. Upon return of the Remainder Funds, Class Counsel, as attorneys for the for the Class Members, will promptly cause

8

said Remainder Funds to be delivered to the National Association of Consumer Advocates, a non-for-profit organization concerned with the rights of consumers and provide documentation of said transmittal to Defendant's Counsel.

33.   <u>Attorneys' Fees</u>. In addition to the benefits described above, within thirty (30) days following the Effective Date, Defendant shall pay to Class Counsel "Attorneys' Fees" in the amount of $30,000 attributable to the prosecution of the claims asserted in the Complaint through the conclusion of this settlement.

34.   <u>Class Notice</u>.   Through the Settlement Administrator, Defendant shall cause the Notice to be sent at the time provided in paragraph 39(b) and distribute the Settlement Checks within thirty (30) days after the Effective Date.

35.   <u>Class Members' Right of Exclusion</u>.   Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within the time and in the manner provided in paragraph 41 of this Agreement, as approved by the Court.   Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

### RELEASED CLAIMS

36.   It is the agreement and intent of the Settling Parties that this Settlement Agreement be construed and enforced as a mutual and global release subject to the limitations and exclusions provided in paragraph 37 of this Agreement.   Accordingly, it is hereby agreed that upon the Effective Date of this Settlement Agreement, each Class Representative, Class Member and his, her or its respective Related Parties, shall hereby be deemed to have, and by operation of this Settlement Agreement have fully, finally, and forever released, relinquished, discharged, and

9

waived, against Defendant, including its Related Parties, any and all claims of whatever kind or nature, from the beginning of time to the Effective Date hereof, on account of any and all loss or damages of any kind whatsoever, known or unknown, arising out of, resulting from or relating to all allegations, claims or defenses which have been raised in the Complaint from the issuance by Defendant of any Notice materially identical or substantially similar to the communications attached to the Complaint as Exhibits A and B.   This release does not include any claim or defense arising in any action or proceeding brought against any Class Member on behalf of a third party represented by Defendants.

37.     The Settling Parties understand and agree that this Settlement Agreement does not affect the validity of any debt owed, or claimed to be owed, by either the Plaintiffs and any of the other Class Members to the Defendant's clients, and the provisions of paragraph 36 shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying lawful debt or amount owed to the Defendant or its clients, nor impair or limit any right or cause of action by the Plaintiffs or the other Class Members to dispute any debt or amount owed to the Defendant's clients.

## CONDITIONAL APPROVAL ORDER AND FAIRNESS HEARING

38.     Conditional Approval Motion.  In accordance with the procedures and time schedules below, Class Counsel shall take such actions to prepare, file and submit, subject to the prior approval by all other Settling Parties, all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both conditional and final approval of this Settlement Agreement from the Court. All Settling Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

10

a.   Immediately upon the execution of this Agreement by Settling Parties, counsel for the Settling Parties shall jointly move for conditional approval of this Agreement, including a request that the Court approve the mailing of the Notice within thirty (30) days of the entry of an order granting conditional approval of this Agreement.   All Settling Parties shall join in that motion, and shall support any order approving this Agreement through any appeal, if necessary; and

b.   The Conditional Approval Order shall require, and the Notice shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served upon Class Counsel as more fully described in paragraph 40, below.   The Notice shall provide that any objection that is not received within the time set by the Court is deemed waived.   Class Counsel shall maintain an email address that may be used by Class Members who may have questions regarding this Settlement Agreement; and

c.   The Settling Parties shall jointly request a Fairness Hearing date, which is no more than fifty (50) days after the date of entry of the Preliminary Approval Order.

39.   <u>Conditional Order</u>. The Conditional Order entered by the Court shall be substantially in the same form as <u>Exhibit "3"</u>, hereto, but as a condition of this Settlement Agreement shall at a minimum contain the following provisions:

a.    Conditional approval of the Settlement Agreement set forth herein, and subject to any objections that may be presented to the Court prior to the Settlement Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

b.    Approval of the form of a Class Notice that includes the general terms of the settlement set forth in the Settlement Agreement (substantially in the form of Exhibit "2" attached hereto and incorporated herein), the procedures for objections and opt-outs described below and directing the Defendant, through the Settlement Administrator to cause to be mailed by first class mail the Class Notice to all Class Members at their respective addresses as derived from the Accessible Contact Information within twenty (20) days from the date of said order; and

c.    A finding that the mailing of the Class Notice by regular first class mail to all Class Members at their respective addresses as derived from the Accessible Contact Information constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

     d.     For the mailing of the Class Notice to Class Members, the Defendants' and Class Counsel have agreed to use First Class, Inc., an unrelated third-party notice company, as the Settlement Administrator.

40.    <u>Objections</u>.    Any class member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to the Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection no later than 14 days before the Fairness Hearing date.   Class Counsel and Defendant's Counsel may, but need not, respond to the objections.   The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Notice.   Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise.   Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

41.    <u>Exclusion from the Class</u>.   Any Class Member may seek to be excluded from the Settlement.   Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.   To be timely, a request for exclusion must be sent in writing to the Court, Class Counsel and Defendants' Counsel and be post-marked no later than the Opt-Out Date by first class mail.   The Opt-Out Date will be no later than the deadline for opt-outs

13

set by Court its Conditional Order and requests for exclusion postmarked after that date will have no legal effect.   To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THORNTON & KOLINSKY V. BELKIN BURDEN WENIG & GOLDMAN, LLP." The request for exclusion must contain the excluded Class Member's name, address and signature.

### FINAL JUDGMENT

42.   <u>Final Judgment</u>.   The Final Judgment entered upon the Fairness Hearing by the Court shall substantially be in the same form as <u>Exhibit "1"</u>, but as a condition of this Settlement shall, at a minimum, include the following provisions:

a.   A finding that the distribution of the Notice fully and accurately informed all Class Members and Related Parties entitled to notice of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

b.   A finding that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or that all timely objections have been considered and denied; and

c.   Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class Members, under Rule 23 of the Federal Rules of Civil Procedure, and a finding that the

14

Settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement; and

d.      A finding that neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties, or any of them, of any liability or wrongdoing, and

e.      Subject to reservation of  jurisdiction for matters discussed in subparagraph (h), below, dismisses with prejudice the Complaint; and

f.      In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay, and orders the entry of a Final Judgment; and

g.      A finding that all Class Members and their Related Parties shall, as of the entry of Final Judgment, conclusively be deemed to have released and forever discharged the Defendant and its Related Parties from all Released Claims, and forever enjoining and barring all Class Members and their Related Parties from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that assert any Released Claims; and

h.      A reservation of exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Conditional Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the

15

relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, RECISSION OR TERMINATION

43.     This Settlement Agreement, including the releases herein, shall be null and void, and the provisions of paragraph 44 below shall apply, if each of the following conditions fail to occur or be satisfied prior to the Effective Date (the date the Final Judgment becomes Final):

a.     All non-Settlement related activities regarding the Class Action Complaint shall be, and shall remain, stayed by the Court pending Final Judgment approving this Settlement Agreement; and

b.     All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior to the Effective Date; and

c.     A Conditional Order, in a form as described by paragraph 39 above and attached as Exhibit "3", shall be entered by the Court; and

d.     At or prior to the Fairness Hearing, no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and denied by the Court; and

e.     At or prior to the Fairness Hearing, not more than ten of all Class Members who were mailed the Notice elected to opt-out of the Class and this Settlement; provided, however, it shall remain Defendant's sole and

16

exclusive right to waive this condition; and

f.      A Final Judgment, substantially in a form as described as paragraph 42, above, shall be entered by the Court; and

g.      Subject to the reservation of jurisdiction for matters described in paragraph 42(h), the Action must be dismissed with prejudice.

44.      In the event that this Settlement Agreement is finally rejected upon the Fairness Hearing, or in the event a Final Judgment is not entered, or does not become final, or in the event that the Settlement Agreement is rejected by the mandate of an appellate court, then the terms of this Agreement shall be null and void:

a.      The terms of this Agreement shall have no further force and effect with respect to the Settling Parties.

b.      This Agreement shall not be used in litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement; and

c.      The Settling Parties shall be restored to their respective positions in the litigation as of the date of the Settlement Agreement; and

d.      Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

### MISCELLANEOUS PROVISIONS

45.      Enforcement.   The Settling Parties acknowledge that violation of the Settlement Agreement or any of the releases will cause immediate irreparable injury for which no

remedy at law is adequate.   If any Settling Party fails to perform his, her or its obligations hereunder, any other Settling Party shall be entitled to specific performance, including through mandatory preliminary and injunctive relief, in addition to such other remedies as provided herein. Nothing contained herein shall be construed to preclude any Settling Party from applying for contempt or other remedy or sanction provided by the Federal Rules of Civil Procedure for breach of this Settlement Agreement.

46.     Commitment to the Settlement and Communication with the Class.   The Settling Parties and their counsel agree to recommend approval of and to support the Settlement Agreement to the Court and to the Class Members and to undertake their best efforts, including all reasonable steps and efforts contemplated by the Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Settlement Agreement.   The Parties shall cooperate, assist and undertake all reasonable actions in order to accomplish the Settlement on a timely basis in accordance with the schedule established by the Court.   Class Counsel shall make every reasonable effort to encourage Class Members to participate in and to not opt-out of the class.   In furtherance of its responsibility to the Class Members and the obligation to preserve the integrity of the class, Class Counsel represents that (i) it does not currently represent any individuals falling within the definition of Class Member, as defined at paragraph 6, that Class Counsel is aware intend to opt out of the Settlement; and (ii) it will not represent a Class Member who has opted out of the Settlement.   In furtherance of such obligations, Class Counsel is permitted to state and represent to Class Members that the FDCPA limits the recovery of damages in this action to the lesser of $500,000 or 1% of the net worth of the defendant.   Further Class Counsel is hereby authorized

18

and permitted to advise Class Members and their representatives that the total damages being recovered in this settlement exceeds 1% of the Defendant's representation of its net worth and that any such statement or representation to a Class Member shall not be deemed to violate the confidentiality order previously entered by the parties in this action.

47.     Good Faith Settlement and Advice of Counsel.   The Settling Parties agree that the terms of the Settlement reflect a good-faith settlement of the claims asserted by the Class Representatives and other Class Members in the Action, reached voluntarily after consultation with experienced legal counsel.

48.     Incorporation. All of the Exhibits to the Agreement are material and integral parts of the Settlement and are fully incorporated herein by this reference.

49.     No Waiver.   The waiver of one Settling Party of any breach of this Settlement Agreement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a waiver by any other Settling Party of that breach or a waiver by that Settling Party of any other Settling Party's breach.

50.     Modification. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their successors-in-interest.

51.     Headings.   The heading of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

52.     Entire Agreement.   Except as provided herein, the Agreement and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning the Agreement or its

19

Exhibits other than the representations, warranties and inducements contained and memorialized in the Agreement and the Exhibits thereto.

53.   Authority to Settle.   Subject to the terms of ¶ 50, Class Counsel warrant that they are expressly authorized by the Class Representatives to take all appropriate action to effectuate the terms and conditions of the Settlement and also are expressly authorized to enter into any modifications of, or amendments to, the Agreement on behalf of the Class which they deem appropriate.

54.   Authority to Execute.   Each counselor or other person executing the Agreement or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that he or she has the full authority to do so.

55.   Counterparts.   The Agreement may be executed in one or more counterparts, with facsimile signatures, each of which shall be deemed to be one and the same instrument.   Counsel for all the Settling Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

56.   Binding Effect.   The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.   All Settling Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

57.   Exclusive Jurisdiction and Venue for Enforcement.   Any dispute relating to this Agreement and/or Final Judgment shall be resolved exclusively in the U.S. District Court for the Southern District of New York, which Court shall retain exclusive jurisdiction and venue

with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Final Judgment.  The Settling Parties agree to submit to the Court's exclusive jurisdiction and venue for the purposes described above.

58.   Costs and Expenses.   Except as otherwise provided herein, each Settling Party shall bear its own costs and expenses.

59.   Interpretation.   All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Settling Parties.

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed, by their duly authorized attorneys.

Dated:  June 25, 2010

FISHMAN & MALLON, LLP

By: _____
        James B. Fishman
        Kevin Mallon
Class Counsel
305 Broadway, Suite 900
New York, NY 10007
(212)897-5840
Fax (212)897-5841
jfishman@fmlawoffices.net

L'ABBATE, BALKAN, COLAVITA &
CONTINI, LLP

By: _____
        Marian C. Rice, Esq.
Defendant's Counsel
1001 Franklin Avenue
Garden City, New York 11530
(516)294-8844
Fax (516)294-8202
mrice@lbcclaw.com

21