# EXHIBIT 2

Notice of Proposed Class Action Settlement in
*Thornton and Kolinsky v. Belkin, Burden, Wenig & Goldman, LLP*,
United States District Court, Southern District of New York
09 CV 5901 (LAK) (DCF)

## THIS IS TO NOTIFY YOU OF A PROPOSED SETTLEMENT IN THIS LAWSUIT.
## YOU ARE NOT BEING SUED
## YOU ARE ENTITLED TO RECEIVE MONEY UNDER THE PROPOSED SETTLEMENT

To: All persons who are consumers, as defined by the FDCPA, who in the one year period prior to June 26, 2009, which is the commencement date of this action, were sent a Notice by the defendant which is the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.

**What this Lawsuit is About**

Plaintiffs, Cynthia Thornton and Fain Kolinsky a/k/a Fain Clarke, brought this class action against Defendant Belkin, Burden, Wenig & Goldman, LLP, ("Defendant") to recover damages for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and General Business Law § 349.

The complaint in this class action alleges that Defendant violated the FDCPA by attempting to collect debts from members of the class by use of a form collection letters that Plaintiffs claim included a claim for the alleged market value use and occupancy of the recipient's apartment which Plaintiffs contend was not in fact due and owing at the time the letter was issued. Defendant denies any wrongdoing but the parties have negotiated a proposed settlement that takes into account the risks and uncertainties associated with continued litigation.

On ____, 2010, Magistrate Judge Debra Freeman granted conditional approval of the settlement, subject to a fairness hearing that will take place on _____, 2010 at ___ ___.m. in Courtroom ___ of the U. S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY.

**You are being sent this notice because you appear to be a member of the class. This notice explains the nature of the lawsuit, terms of the settlement and informs you of your legal rights and obligations.**

**No Admission of Liability**

By settling this lawsuit, Defendant is not admitting that it did anything wrong. Defendant expressly denies that it did anything wrong.

**The Proposed Settlement**

Class Counsel believes that this settlement is fair, reasonable, and in the best interests of the Class Members. The terms of the settlement are:

1. **Relief to the Class.** Defendants will establish a fund totaling $17,000. Out of this fund, $1,000 will be paid to each of the two Class Representatives for their role in this litigation. The balance of $15,000 shall be divided equally among each Class Member who does not opt out of the settlement. There are 140 persons who appear to be Class Members. The amount that each Class Member will receive will depend on the number of Class Members that choose to remain in the class. Defendant is paying the costs of notice and distribution of the funds to the Class Members separate and apart from the settlement fund. Finally, the defendant agrees to cease issuing communications to consumers which include the alleged use and occupancy value of the premises at issue in Notices which are the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.

2. *Cy Pres* **Award.** Any unclaimed funds will be distributed, as a *cy pres* award, to the National Association of Consumer Advocates, a not-for-profit organization dedicated to the protection of consumer rights.

3. **Relief to Class Representatives.** Defendant agrees to pay Cynthia Thornton and Fain Kolinsky a/k/a Fain Clarke $1,000 each as statutory damages and for serving as Class Representatives.

4. **Release.** As of the Effective Date of this Settlement, each Class Representative, Class Member not opting out and accepting the benefit of the relief described above and his, her or its respective Related Parties, shall hereby be deemed to have, and by operation of this Settlement Agreement have fully, finally, and forever released, relinquished, discharged, and waived, against Defendant, including its Related Parties, any and all claims from the beginning of time to the Effective Date hereof on account of any and all loss or damages of any kind whatsoever, known or unknown, arising out of, resulting from or relating to all allegations, claims or defenses which have been raised in the Complaint from the issuance by Defendant of any Notice materially identical or substantially similar to the communications attached to the Complaint as Exhibits A and B.

5. **Attorneys' Fees and Expenses.** Subject to court approval, Defendants will pay Class Counsel $30,000 for attorneys' fees and costs separate and apart from the relief to the Class. The amount paid to Class Counsel will not alter or affect the amount paid to the Class.

**Opinion of Class Counsel Concerning the Value of the Settlement**

The claims asserted on behalf of the class against Defendant are under the FDCPA.

In a Class Action under the FDCPA, the maximum statutory damage recovery permitted to the class is the greater of 1% of the defendant's net worth or $500,000.00. There is no minimum recovery and no assurance that the class would recover anything at all if the case proceeded. The person bringing suit can also recover attorneys' fees and expenses of the suit, if successful. This suit was only brought for statutory damages and injunctive relief.

Based upon information provided by Defendant, Class Counsel reasonably believes that the Class Settlement of $15,000 is greater than the maximum class recovery under the FDCPA of 1% of Defendant's net worth. Based upon the Defendant's representations, Class Counsel has recovered in excess of the maximum class recovery available under the FDCPA. Thus, assuming that no Class Members opt out of the Settlement, the recovery to each of the 140 Class Members will be approximately $107.

Class Counsel believes that this settlement is fair and reasonable and that the Class Members should accept this settlement.

**Fairness Hearing**

(You do **not** have to come to this hearing <u>unless</u> you object to the settlement)
At ___ ___.m. on _____, 2010, a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement. **The hearing will take place before Magistrate Judge Debra Freeman in Courtroom ___ of the U. S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY.**

**Correct Address**

If this Notice was forwarded to you by the Postal Service, or if it was otherwise sent to you at an address that is not current, you should send a letter <u>immediately</u> to the Settlement Administrator:

First Class, Inc.
626 S. Clark St., 7th Floor Chicago IL 60605-1711

**YOUR OPTIONS**

1. <u>**You can do nothing and be sent a check**</u>. If you do nothing and the Court grants final approval of the class settlement, <u>you will be sent a check</u> for a share of the class settlement proceeds. The amount that each class member will receive will depend on the number of Class Members that opt out of the settlement. If none of the ___ Class Members opt out of the settlement, then each class member will receive approximately $_____. If your address has changed, then

you must immediately send the notice of change of address on the reverse side of this form.

2. **If you do not wish to be included**, you have the right to exclude yourself from both the class action and the settlement by sending a letter to the Settlement Administrator: First Class, Inc., 626 S. Clark Street, 7th Floor, Chicago, IL 60605. The request for exclusion must be **received by** _____, 2010. The request to be excluded must include your full name, address and signature, must refer to the name and number of the case and state, "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THORNTON & KOLINSKY V. BELKIN, BURDEN, WENIG & GOLDMAN, LLP." If you ask to be excluded, you will not be part of the suit and you will get no further notices about it, and you will not share in the class recovery. You must also serve copies of your request to be excluded on the following attorneys by the same date:

| Class Counsel: | Defendant's Counsel: |
|---|---|
| James B. Fishman, Esq. | Marian C. Rice, Esq. |
| Fishman & Mallon, LLP | L'Abbate, Balkan, Colavita & Contini, LLP |
| 305 Broadway, Suite 900 | 1001 Franklin Avenue |
| New York, NY 10007 | Garden City, NY 11501 |

3. **If you object to the terms of the settlement**, but do not want to exclude yourself from the class action, you must submit your objection in writing to the Clerk of the Court, U. S. District Court, Southern District of New York, 500 Pearl Street, New York, NY. The objection must be received by the Clerk on or before _____, 2010. You must also serve copies of the objection on the following attorneys by the same date:

| James B. Fishman, Esq. | Marian C. Rice, Esq. |
|---|---|
| Fishman & Mallon, LLP | L'Abbate, Balkan, Colavita & Contini, LLP |
| 305 Broadway, Suite 900 | 1001 Franklin Avenue |
| New York, NY 10007 | Garden City, NY 11501 |

Any objection must include the name and number of the case and a written statement of the reasons (in no more than 15 pages) why you believe that the Court should find that the proposed settlement is not in the best interests of the class. If you do file an objection and wish it **to be considered, you must also appear at the hearing before Magistrate Judge Freeman on** _____, **2010.** Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

**IMPORTANT: THE COURT REQUIRES THAT THE CLERK RECEIVE ANY OBJECTIONS BY** _____, **2010.**

If the settlement is not approved, the case will proceed as if no settlement had been attempted. **There can be no assurance that if the settlement is not approved, the class will recover more than is provided in this settlement, or indeed anything.**

This description of the case is general and does not cover all of the issues and proceedings thus far. If you wish to see the complete file, you should visit the office of the Clerk of the District Court for the Southern District of New York. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

**IF YOU HAVE ANY QUESTIONS ABOUT THIS CLASS ACTION**, please e-mail Class Counsel:
James B. Fishman, Esq.
Fishman & Mallon, LLP 305 Broadway, Suite 900
New York, NY 10007
*www.tenantslaw.net*
jfishman@fmlawoffices.net