# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a
Fain Clark, individually and on behalf of all others
similarly situated,

                Plaintiffs,

-against-

BELKIN, BURDEN, WENIG & GOLDMAN, LLP,

                Defendant.
------------------------------------------------------------------X

Case No.
09 CV 5901 (LAK) (DCF)

## CONDITIONAL ORDER

This matter comes before the Court on the joint request of Class Representatives CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a Fain Clark and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), on the one hand, and BELKIN, BURDEN, WENIG & GOLDMAN, LLP, ("Defendant"), on the other, for conditional approval of the Settlement Agreement, dated June ___, 2010. The Court has reviewed the Settlement Agreement and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

      1.     <u>Definitions</u>. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Settlement Agreement, dated June___, 2010.

      2.     <u>Certification of a Settlement Class</u>. The Court hereby finds that, for settlement purposes only, all requirements for class certification under Federal Rule 23(b)(3) have been met in this case. This provisional certification is made without prejudice to Defendant's right to contest the appropriateness of class certifications should should this Settlement not be finally approved by the Court for any reason. The Settlement Class consists of:

> All persons who are consumers, as defined by the FDCPA, who in the one year period prior to the commencement of this action on June 26, 2009, were sent a written communication by the defendant which is the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.

3. <u>Conditional Approval</u>. The Court conditionally approves the Settlement Agreement dated June ___, 2010 and subject to any objections that may be presented to the Court prior to the Settlement Hearing, finds that the terms and conditions of the Settlement Agreement are fair, adequate, reasonable, and in the best interests of the Class; and

4. <u>Class Notice</u>. The Court approves of the form and content of a Class Notice in the form annexed as <u>Exhibit "2"</u> to the Settlement Agreement and finds that

(a) Mailing of the Class Notice by regular first class mail to all Class Members at their respective addresses as derived from the Accessible Contact Information constitutes valid, due and sufficient notice to the Class Members and their Related Parties, constitutes the best notice practicable under the circumstances and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law; and

(b) The Parties have agreed to use First Class, Inc., an unrelated third-party notice company, as the Settlement Administrator, to mail by first class mail the Class Notice to all Class Members at their respective addresses as derived from the Accessible Contact Information within twenty (20) days from the date of said order;

(c) No later than ten (10) business days after the date upon which the Court enters the Conditional Order, the Defendant must provide the Settlement

|  |  |  |
|---|---|---|
|  |  | Administrator with the class list in computerized form usable without manual entry; |
|  | (d) | No later than twenty (20) days after the date upon which the Court enters the Conditional Order, the Defendant must cause the Settlement Administrator to mail Notice by first class mail to Class Members with Accessible Contact Information; |
|  | (e) | Defendant's Counsel shall file with the Court prior to the Fairness Hearing an affidavit or declaration (if applicable, from the Settlement Administrator) stating that the mailings have been completed in accordance with the terms of this Conditional Order. |

5. <u>Fairness Hearing</u>. A Fairness Hearing will be held at _____ a.m./p.m. on _____, 2010 [fifty days after Conditional Approval Order] at the U.S. District Court, Southern District of New York, Courtroom ___, 500 Pearl Street, New York, NY, at which time the Court will finally determine whether the Certification of a Class for Settlement Purposes and Settlement of the Action should be finally approved as fair, reasonable, and adequate and whether the Final Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Fairness Hearing without further notice to the Class.

6. <u>Exclusion from the Class</u>. Any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent in writing to the Court, Class Counsel and Defendants' Counsel and be post-marked no later than the Opt-Out Date by first class mail. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE

SETTLEMENT CLASS IN THORNTON & KOLINSKY V. BELKIN BURDEN WENIG & GOLDMAN, LLP." The request for exclusion must contain the excluded Class Member's name, address and signature. Any Class Member who does not file a valid and timely request for exclusion will be bound by the Final Judgment and Order of Dismissal dismissing with prejudice all claims filed by the Class Members which were alleged in the Action, and releasing all known and unknown claims which are alleged or which could have been or might have been alleged in the Action as further defined in the Release set forth in the Settlement Agreement.

    7. <u>Objections</u>. Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to the Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection. Class Counsel and Defendant's Counsel may, but need not, respond to the objections. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

    8. <u>Defendants' Denial of Liability</u>. The Court notes that the Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, the Defendants consider it desirable that the Action be dismissed and that the claims against the Defendants be released, on the

- 4 -

terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendants arising from the acts, transactions or occurrences alleged in the Action.

9. Effect of Settlement Agreement. If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Settlement Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. This Order shall become null and void if: (i) the proposed Settlement is not finally approved by the Court; (ii) the proposed Settlement is terminated in accordance with the Agreement or does not become effective under the terms of the Agreement or for any other reason; or (iii) the Final Judgment is not entered for any reason. In such event, (x) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties, (y) there shall be no consent to certification of a class and all objections with respect thereto shall be maintained; and (z) the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose.

10. Extension of Deadlines. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

11. Deadline for Opt-Outs. To be legally effective, all requests for exclusion described above, must be received on or before _____, 2011 [fourteen (14) days before the Fairness Hearing].

12. Deadline for Objections. Class Member Objections, as described in above, must be delivered to Class Counsel and Defendant's Counsel and filed with the Court on or before _____, 2011 [fourteen (14) days before the Fairness Hearing]. Objections not filed

- 5 -

and served in a timely manner shall be deemed waived.

So Ordered this _____ day of June, 2010

_____<br>
HON. DEBRA S. FREEMAN<br>
United States Magistrate Judge