# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a      Case No.
Fain Clark, individually and on behalf of all others     09 CV 5901 (LAK) (DCF)
similarly situated,

                Plaintiffs,

    -against-

BELKIN, BURDEN, WENIG & GOLDMAN, LLP,

                Defendant.
------------------------------------------------------------------X

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on the joint request of Class Representatives CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a Fain Clark and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), on the one hand, and BELKIN, BURDEN, WENIG & GOLDMAN, LLP, ("Defendant"), on the other, for final approval of the Settlement Agreement, dated June ___ , 2010.

IT IS HEREBY ORDERED AS FOLLOWS:

The total number of Class Members is 140. Notice was sent by first class mail to 140 Persons at their last known mailing address using Accessible Contact Information. A total of ___ Class Members requested exclusion from the Settlement, and a total of ___ Class Members objected to the Settlement.

The Court being duly advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section, ¶¶ 1-30, and throughout the Class Action Settlement Agreement (the "Agreement"), dated as of June ___, 2010, attached as <u>Exhibit A</u> to the parties' Motion for Preliminary Approval.

2. <u>Notice</u>. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order accurately informed all Class Members and Related Parties of the material elements of the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, constituted valid, due and sufficient notice and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

A. The parties are directed to implement the settlement in accordance with its terms.

B. Except as to any individual claim of those Persons, who have timely and effectively requested exclusion from the Settlement Class, pursuant to Paragraph 41 of the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D.    Upon the Effective Date, the Class Representative and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E.    Nothing herein shall alter, amend, or terminate the right of Defendant to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) owed by any Settlement Class Member, including the Class Representatives, for any debt. Nothing herein releases or discharges (1) any legally enforceable claim, which Defendant may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant may have against any or all Class Members or any other person or entity. Nothing herein voids or abrogates the contractual obligations of any Settlement Class Member, including the Settlement Class Representative.

4.    <u>Injunction</u>.  The Court finds that all Class Members and their Related Parties, except those who timely and effectively requested exclusion from the Settlement, shall, as of the date of the entry of Final Judgment, conclusively be deemed to have released and forever discharged the Defendants and its Related Parties from all Released Claims and from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant or its related parties that assert any Released Claims.

5. <u>Defendant's Denial of Liability</u>. The Court notes that Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties of any liability or wrongdoing. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Dismissal of Complaint</u> - Subject to the reservation of jurisdiction for matters discussed in paragraph 7, the Complaint is hereby dismissed.

7. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action and the Settling parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Conditional Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

8. <u>Attorneys' Fees</u>. The Court awards to Class Counsel Attorneys' Fees and costs in the total amount of $30,000.

9. <u>Entry of Judgment</u>. In accordance with Rule 54(b) of the Federal Rules of civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.

So Ordered this _____ day of _____, 2011

_____
HON. DEBRA S. FREEMAN
United States Magistrate Judge