UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CYNTHIA THORNTON and FAIN KOLINSKY, a/k/a          Case No.
Fain Clark, individually and on behalf of all others          09 CV 5901 (LAK)(DF)
similarly situated,

                              Plaintiffs,

-against-

BELKIN, BURDEN, WENIG & GOLDMAN, LLP,

                              Defendant.
------------------------------------------------------------------X


**JOINT MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFICATION
OF CONDITIONAL SETTLEMENT CLASS,
AND APPROVAL OF CLASS NOTICE**


FISHMAN & MALLON, LLP                    L'ABBATE, BALKAN, COLAVITA &
James B. Fishman, Esq. (JF 8998)              CONTINI, LLP
Kevin Mallon, Esq. (KM ____ )            Marian C. Rice, Esq. (MR 7648)
Class Counsel                            Defendant's Counsel
305 Broadway, Suite 900                  1001 Franklin Avenue
New York, NY 10007                       Garden City, New York 11530
(212)897-5840                            (516)294-8844
Fax (212)897-5841                        Fax (516)294-8202
jfishman@fmlawoffices.net                mrice@lbcclaw.com

             Attorneys for the Plaintiffs and the Defendant

<b><u>TABLE OF CONTENTS</u></b>

|  | | | Page No. |
|---|---|---|---|
| TABLE OF AUTHORITIES…………………………………………….. | | | ii-iii |
| INTRODUCTION……………………………………………………….. | | | 1 |
| BACKGROUND OF THE LITIGATION………………………………… | | | 1 |
| THE SETTLEMENT AGREEMENT………………………………….. | | | 2 |
| ARGUMENT | | | |
| | A. | General Governing Principles……………………………….. | 3 |
| | B. | The Proposed Conditional Settlement Class Should be Certified………………………………………….. | 5 |
| | | a.   The Class Is Sufficiently Numerous……………….. | 5 |
| | | b.   Common Questions of Law or Fact Exist…………. | 5 |
| | | c.   Plaintiffs' Claims are Typical of Those of the Class…. | 6 |
| | | d.   Adequacy Is Satisfied………………………………. | 6 |
| | C. | The Proposed Form of Notice and Methods of Dissemination Should Be Approved……………………….. | 7 |
| | D. | The Terms of the Settlement are Fair and Adequate………….. | 7 |
| CONCLUSION…………………………………………………………... | | | 10 |

i

## TABLE OF AUTHORITIES

CASE                                                                                      Page
                                                                                          No.

*Accord Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3 147, 155 (2001)...........  7

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 2250 (1997)....  7

*Ayzlemen v. Statewide Credit Services, Corp.*, 242 F.R.D. 23 (E.D.N.Y 2007)..........  10

*City of Detroit v. Grinnell Corp.*, 495 F .2d 448, 463 (2d Cir.1974).....................  10

*Dornberger v. Metropolitan life Ins. Co.*, 182 F.R.D. 72, 89 n.2 (S.D.N.Y. 1998)......  6, 7

*Grunin v. International House of Pancakes*, 513 F.2d 114, 121 (8th Cir.), *cert. denied*,
423 U.S. 864 (1975)...................................................................  8

*In re Avon sec. Litig.*, No. 91-Civ.-2287 (LMM), 1998 WL 834366, at *26 (S.D.N.Y.
Nov. 30, 1998)........................................................................  7

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).........  7

*In re Global Crossing. Sec. & ERISA Litig.*, 225 F.R.. 436, 461 (S.D.N.Y. 2005)......  5

*In re Indus. Diamonds Antitrust Litig.*, 167 F.R.D. 374, 380 (S.D.N.Y. 1996)..........  7

*In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996)  7

*In re Warner Communications Securities Litigation*, 618 F.Supp. 735, 741
(S.D.N.Y.1985).......................................................................  10

*Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 55 (S.D.N.Y. 1993).....  6

*Read-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 2006 WL 3681138 (E.D.N.Y.)......  10

*Sumitomo Copper Litigation v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 141 (2d
Cir. 2001)............................................................................  7

*Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200 (S.D.N.Y. 1992)................  7

*Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir.1982)...................................  10

**Statutes:**

Federal Rule of Civil Procedure 23(b)(2)...................................................... 1, 5, 7
     FRCP 23(c)(2)(a)................................................................ 7
     FRCP 23(e)(1)(B)............................................................... 7

New York Deceptive Practices Act (GBL § 349)........................................... 1

15 USC § 1692g(k).............................................................................. 8

**Other Sources:**

*Manual for Complex Litigation, Fourth,* (Fed. Jud. Ctr. 2004)
("*Manual Fourth*").......................................................................... 3, 4

*Manual Fourth* at § 21.633, at 321

*Newberg on Class Actions* § 11.41 at 11-88 (3d ed. 1992)............................... 4

## INTRODUCTION

This memorandum is respectfully submitted in support of the parties' joint motion for an order conditionally approving the proposed Settlement of this litigation as a Federal Rule of Civil Procedure 23(b)(2) class with notice and the opportunity to opt-out; approving the form of Class Notice; and setting a date for a Fairness Hearing on the proposed Settlement.

## BACKGROUND OF THE LITIGATION

Plaintiffs allege that Defendant violated the Fair Debt Collection Practices Act and the New York Deceptive Practices Act (GBL § 349) by issuing communications to consumers – here the tenants of residential units - which included a claim for a sum of money which consisted of the alleged use and occupancy value of the premises at issue. Defendant has denied that any violation of the statutes at issue exists and has otherwise denied liability to Plaintiffs.

Class Counsel believe that they would ultimately prevail on claims asserted in the Complaint but deem the proposed settlement with Defendant as set forth herein to be in the best interests of the Class. Defendant has denied liability, raised defenses to the allegations of the complaint and maintains that it would ultimately prevail in this action but also agree that settlement set forth below is in its best interests as well. The Court has not ruled on any substantive contentions as to the validity of the claims asserted in the Complaint or as to the liability or non-liability of the Defendant, nor has the Court expressed an opinion with respect thereto, nor do the parties to this Agreement make any admissions or concessions on these substantive issues.

In light of the litigation risks further prosecution of this action may entail, the parties respectfully request that the Court: (1) preliminarily approve the proposed Settlement; (2) conditionally approve the defined Class for the purposes of Settlement; (3) approve the proposed

1

form and method of Class Notice; and (3) schedule a Fairness Hearing at which the Court will consider final approval of the Settlement.

THE SETTLEMENT AGREEMENT

The Settlement, if approved by the Court, would resolve all the claims of an overall class of approximately 140 individuals. Under the terms of the Settlement, Defendant will establish a fund totaling $17,000.00. Out of this fund, $1,000.00 will be paid to each Class Representative for her respective role in this litigation. The balance of $15,000.00 shall be divided, on a *pro rata* basis, among those Class Members who do not timely and effectively request an exclusion from the Settlement in the manner set forth in the Notice. Each Class Member participating in the Settlement will receive a settlement share of $107.00. To the extent that funds remain unclaimed, within one hundred and twenty (120) days from mailing, any Remainder Funds will be delivered to the National Association of Consumer Advocates, a non-for-profit organization concerned with the rights of consumers.

Defendant also agrees to cease issuing communications to consumers which include, a claim for any sum of money which consists, in whole or in part, of a sum representing the alleged use and occupancy value of the premises at issue, or which are the same or substantially similar to the letters which are attached to the Amended Complaint as Exhibits A and B.

In addition to the payments to the Class Member, Defendant will pay the costs for sending Notice to the Class, distributing Settlement Checks to Class Members and any other costs of the Settlement Administrator associated with this action.

Finally, in addition to the benefits described above, the Settlement Agreement provides that Defendant shall pay to Class Counsel "Attorneys' Fees" in the amount of $30,000

2

attributable to the prosecution of the claims asserted in the Amended Complaint through the conclusion of this settlement.

In short, the Settlement effectively addresses the paramount aim of the litigation. Annexed to the Affidavit of James B. Fishman are the Settlement Agreement, the Class Notice, Proposed Conditional Order and Proposed Final Order.

In light of the litigation risks further prosecution of this action may entail, the parties respectfully request that the Court:   (1) preliminarily approve the proposed Settlement; (2) conditionally approve the defined Class for the purposes of Settlement; (3) approve the proposed form and method of Class Notice; and (3) schedule a Fairness Hearing at which the Court will consider final approval of the Settlement.

## ARGUMENT

### A.  General Governing Principles

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the proposed settlement should be given to class members, and a hearing scheduled to consider final approval.   The Court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing.   If so, the final decision on approval is made after the hearing. *Manual for Complex Litigation, Fourth,* § 13.14, at 172-73 (Fed. Jud. Ctr. 2004) ("*Manual Fourth*").   The Court is not required at this point to make a final determination:

> The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.* at § 21.632, at 321. Preliminary approval is the first step in a two-step process required before a class action may be settled. *Id.*, at 320. First, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. *Id.*, at 320-21. In some cases this initial assessment can be made on the basis of information already known to the court which may be supplemented by briefs, motions and an informal presentation from the settling parties. *Id.*

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations. *See Newberg on Class Actions* § 11.41 at 11-88 (3d ed. 1992). The proposed Settlement here is the result of particularly lengthy and complex arm's-length negotiations between all parties. Counsel on both sides here are experienced and thoroughly familiar with the factual and legal issues presented. Courts recognize that the opinion of experienced and informed counsel supporting settlement is entitled to considerable weight. *See In re Global Crossing. Sec. & ERISA Litig.,* 225 F.R.. 436, 461 (S.D.N.Y. 2005).

"Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." *Manual Fourth* at § 21.633, at 321. Preliminary approval permits notice to be given to the class members of a hearing on final settlement approval, at which class members and the settling parties may be heard with respect to final approval. *Id.*, at 322. As explained above, the proposed Settlement now before this Court and on file herein falls squarely within the range of reasonableness warranting notice apprising class members of the Settlement and establishing a hearing on final approval.

### B.  The Proposed Conditional Settlement Class Should be Certified

Certification of the proposed class is clearly appropriate here, particularly because it is a settlement class.  Before an action may be certified as a class action, the following requirements of Rule 23(a) must be satisfied.

(a)    the class is so numerous that joinder of all members is impracticable;

(b)    there are questions of law or fact common to the class;

(c)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(d)    the representative parties will fairly and adequately protect the interests of the class.

#### a.  The Class Is Sufficiently Numerous

To meet the requirement of numerosity, the Class Representatives need only show that it is difficult or inconvenient to join all the members of the Class.  *Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 55 (S.D.N.Y. 1993).  The Second Circuit, like almost all federal courts, has adopted the generally accepted standard that classes in excess of 40 members presumptively satisfy the numerosity requirement.  *See Dornberger v. Metropolitan life Ins. Co.*, 182 F.R.D. 72, 89 n.2 (S.D.N.Y. 1998) ("*Dornberger*").  The parties agree that there are 140 individuals who could make claims for the monies being made available.  As a result, for the purposes of this Settlement, the numerosity requirement is satisfied.

#### b.  Common Questions Of Law or Fact Exist

Based upon a review of the allegations of the Amended Complaint, the parties agree that, for the purposes of Settlement, common questions of law and/or fact exist.

### c.  Plaintiffs' Claims are Typical of Those of the Class

The typicality requirement is satisfied where, as here, "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the Defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  *Accord Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3 147, 155 (2001) ("*Robinson v. Metro-North*"); *Sumitomo Copper Litigation v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 141 (2d Cir. 2001).

Typicality does not require that the interests of the named representatives and the class members be identical. *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200 (S.D.N.Y. 1992). For all the reasons discussed above regarding the presence of common issues for the purposes of this Settlement, the parties agree that the representative plaintiffs' claims are, accordingly, typical of the Class because all members of the Class received communications substantially similar to those annexed to the Amended Complaint and seek the same relief.

### d.  Adequacy Is Satisfied

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 2250 (1997).  In the Second Circuit, the test for adequacy of representation requires only that (1) the representatives have no obvious conflicts of interest with other members of the class, and (2) that the representatives' counsel be qualified, experienced and capable of handling the litigation. *In re Avon sec. Litig.*, No. 91-Civ.-2287 (LMM), 1998 WL 834366, at *26 (S.D.N.Y. Nov. 30, 1998); *accord Dornberger*, 182 F.R.D. at 82; *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996); *In re Indus. Diamonds Antitrust Litig.*, 167 F.R.D. 374,

380 (S.D.N.Y. 1996).   For the purpose of this Settlement, the parties agree that the lead representatives and plaintiffs' counsel will adequately represent the proposed class.

### C. The Proposed Form of Notice and Methods of Dissemination Should Be Approved

Under Rule 23(c)(2)(a) of the Federal Rules of Civil Procedure, in a (b)(2) class, notice may be directed "as appropriate" and for settlement of claims, rule 23(e)(1)(B) requires notice "in a reasonable manner to all class members who would be bound . . . "   Generally, the "mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. International House of Pancakes,* 513 F.2d 114, 121 (8th Cir.), *cert. denied,* 423 U.S. 864 (1975).  Here, the parties propose to mail the class notices to the Class Members at the addresses on defendant's records or from forwarding addresses on mail returned by the United States Post Office.

While no form of notice is guaranteed to reach every possible class member, the parties believe that the form of notice provided here constitutes more than a reasonable attempt that amply meets the requisite standards.

In sum, the proposed Notice of Proposed Class Action Settlement is the best notice practicable and satisfies the content requirements in this Circuit.  Accordingly, it is requested that the Court approve same.

### D. The Terms of the Settlement are Fair and Adequate

(1)   <u>Monetary Relief</u> - The Proposed Class Settlement provides that Defendant will establish a fund totaling $17,000.00.  This figure is separate and apart from the agreed amount of attorney fees to be provided Class Counsel.  Out of this $17,000 fund, $1,000.00 will be paid to

each Class Representative for her respective role in this litigation. The balance of $15,000.00 shall be divided, on a *pro rata* basis, among those Class Members who do not timely and effectively request an exclusion from the Settlement in the manner set forth in the Notice. As the Class notice indicates, this During the one-year period described in the Class Definition, Defendant represents that 140 Class Members were sent a communication by Defendant which is the same or substantially similar to the letters which are attached to the Complaint as Exhibits A and B.

In a Class Action under the FDCPA, the maximum statutory damage recovery permitted to the class is the greater of 1% of the defendant's net worth or $500,000.00. 15 USC § 1692g(k).There is no minimum recovery and no assurance that the class would recover anything at all if the case proceeded. The person bringing suit can also recover attorneys' fees and expenses of the suit, if successful. This suit was only brought for statutory damages and injunctive relief.

Based upon information provided by Defendant, the Class Settlement of $15,000 is greater than the maximum class recovery under the FDCPA of 1% of Defendant's net worth.   As a result, the settlement to the Class is in excess of the maximum class recovery available under the FDCPA. Thus, assuming that no Class Members opt out of the Settlement, the recovery to each of the 140 Class Members will be approximately $107. Any unclaimed funds will be distributed, as a *cy pres* award, to the National Association of Consumer Advocates, a not-for-profit organization dedicated to the protection of consumer rights.

(2)    Injunctive relief - In addition to the monetary relief to the Class Representatives, the proposed Settlement contemplates Defendant's agreement to cease issuing communications to consumers which include, a claim for any sum of money which consists, in

8

whole or in part, of a sum representing the alleged use and occupancy value of the premises at issue, or which are the same or substantially similar to the letters which are attached to the Complaint.

"The central question raised by [a] proposed settlement of a class action is whether the compromise is fair, reasonable, and adequate. *Weinberger v. Kendrick,* 698 F.2d 61, 70 (2d Cir.1982). To determine whether this standard has been met, the court must "compare the terms of the compromise with the likely rewards of litigation." *In re Warner Communications Securities Litigation,* 618 F.Supp. 735, 741 (S.D.N.Y.1985) (citations omitted). In evaluating the substantive fairness of a proposed settlement, the Court is guided by the nine factors initially enumerated in *City of Detroit v. Grinnell Corp.,* 495 F .2d 448, 463 (2d Cir.1974):

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]

Given that (1) the proposed Class Settlement was entered into after protracted negotiation with Defendants; (2) documentary discovery on financial issues related to Defendant's net worth was exchanged; (3) the proposed Class Settlement contemplates payments in excess of the maximum statutory damages under the FDCPA; (4) the vagaries of litigation of the complex issues presented in the Complaint; and (5) the potential risk of maintaining the class through the trial, it is submitted that the proposed Class Settlement is fair, reasonable and adequate. *Read-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 2006 WL 3681138 (E.D.N.Y.); *Ayzlemen v. Statewide Credit Services, Corp.*, 242 F.R.D. 23 (E.D.N.Y 2007).

9

CONCLUSION

For all the foregoing reasons, the parties respectfully request that the Court grant this joint motion and (1) preliminarily approve the proposed Settlement; (2) conditionally approve the defined Class for the purposes of Settlement; (3) approve the proposed form and method of Class Notice; and (3) schedule a Fairness Hearing at which the Court will consider final approval of the Settlement.

Dated: Garden City, New York
        October 20, 2010

Respectfully submitted,

James B. Fishman, Esq. (JF 8998)
Kevin Mallon, Esq. (KM 4798)
Fishman & Mallon, LLP
Class Counsel
305 Broadway, Suite 900
New York, NY 10007
(212) 897-5840
Fax (212) 897-5841
jfishman@fmlawoffices.net

Marian C. Rice, Esq. (MR 7648)
L'Abbate, Balkan, Colavita & Contini, L.L.P.
Defendant's Counsel
1001 Franklin Avenue
Garden City, NY 10530
(516) 294-8844
Fax (516) 294-8202
mrice@lbcclaw.com

10

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                     ss.:
COUNTY OF NASSAU )


         PATRICIA A. LAZO, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Nassau County, New York.

         That on the 20th day of October, 2010, deponent served the within **JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION** upon:

FISHMAN & MALLON, LLP
James B. Fishman, Esq. (JF 8998)
Kevin Mallon, Esq. (KM ____)
Class Counsel
305 Broadway, Suite 900
New York, NY 10007
(212)897-5840
Fax (212)897-5841
jfishman@fmlawoffices.net

L'ABBATE, BALKAN, COLAVITA &
     CONTINI, LLP
Marian C. Rice, Esq. (MR 7648)
Defendant's Counsel
1001 Franklin Avenue
Garden City, New York 11530
(516)294-8844
Fax (516)294-8202
mrice@lbcclaw.com


the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose, via Electronic Court Filing (ECF).

                                           _____
                                           PATRICIA A. LAZO


Sworn to before me this
20th day of October, 2010.

_____
     Notary Public

         PATRICIA A. DAMATO
     Notary Public, State of New York
         No. 01DA5022281
       Qualified in Suffolk County
   Commission Expires January 3, 20__